Jara v. Lynch

BIA
Straus, IJ
A200 689 312

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of April, two thousand sixteen.

PRESENT:
> DENNIS JACOBS,
> PETER W. HALL,
> RAYMOND J. LOHIER, JR.,
>> *Circuit Judges.*

_____

ELIZABETH SAENZ JARA, AKA
ELIZABETH CRISTINA SAENZ JARA,
AKA ELIZABETH SAENZ,
> *Petitioner,*

v.                                      14-2145
                                        NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Robert C. Ross, West Haven, CT.

**FOR RESPONDENT:**    Joyce R. Branda, Assistant Attorney General; Francis W. Fraser, Senior Litigation Counsel; W. Daniel Shieh, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Elizabeth Saenz Jara, a native and citizen of Peru, seeks review of a May 20, 2014 decision of the BIA affirming the January 19, 2012, decision of an Immigration Judge ("IJ"), denying her application for asylum, withholding of removal, and relief pursuant to the Convention Against Torture ("CAT"). *In re Elizabeth Saenz Jara*, No. A200 689 312 (B.I.A. May. 20, 2014), *aff'g* No. A200 689 312 (Immig. Ct. N.Y. City Jan. 19, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the decisions of the IJ and the BIA "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of

2

review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Absent past persecution, to establish an independent fear of persecution, an applicant must show that it is more likely than not that his or her "life or freedom would be threatened in [that] country because of [his or her] race, religion, nationality, membership in a particular social group, or political opinion." 8 C.F.R. § 1208.16(b)(1); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). An applicant is "'not require[d] ... to provide evidence that he or she would be singled out individually for such persecution'" provided the applicant proves the existence of "'a pattern or practice of persecution of a group of persons similarly situated to the applicant on account of race, religion, nationality, membership in a particular social group, or political opinion," and the applicant establishes her "inclusion in and identification with such group.'" *Kyaw Zwar Tun v. INS*, 445 F.3d 554, 565 (2d Cir. 2006) (quoting 8 C.F.R. § 208.16(b)(2)).

The agency did not err in finding that Jara failed to meet her burden to show that she would more likely than not be persecuted in Peru on account of being homosexual. The

3

2010 U.S. Department of State Country Reports on Human Rights Practices for Peru ("Human Rights Report") stated that homosexuals were "sometimes harassed and abused" by government authorities, including police, and were subject to discrimination. However, the report also described various efforts being made to alleviate the problem. The agency did not err in giving more weight to the Human Rights Report—which did not show widespread mistreatment—than various articles that gave inconsistent accounts of the level of discrimination and incidents involving homosexuals in Peru. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341-42 (2d Cir. 2006) (noting that a country report from the U.S. Department of State is "usually the best available source of information on country conditions" and that the weight of evidence "lies largely" within the agency's discretion (citations and internal quotation marks omitted)); *Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("[W]here there are two permissible views of the evidence, the fact finder's choice between them cannot be clearly erroneous").

While the agency did not make an explicit credibility determination, we may deem this requirement satisfied if a

4

credibility finding can be gleaned from the record. *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (concluding that "the IJ's analysis in the present case was sufficient to qualify as an 'explicit credibility finding'" even without a clear adverse credibility finding). Because there was no indication that Jara's testimony had been called into question, and the agency considered her testimony about the treatment of homosexuals in Peru, we find the agency's analysis sufficient to qualify as a finding that Jara was credible. *See id*. There is no indication here that the agency failed to consider Jara's testimony or her documentary evidence. *See Xiao Ji Chen*, 471 F.3d at 337 n.17 (presuming that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise").

Accordingly, because Jara failed to establish her eligibility for withholding of removal, she necessarily could not show, to qualify for CAT relief, that she would more likely than not be tortured, as that claim was based

on the same factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). [1]

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DENIED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk

---

[1] Jara has not challenged the agency's denial of her asylum claim on timeliness and discretionary grounds.